AO 472 (Rev. 1/25) Order of Detention Pending Trial

FILED

AUG 3 1 2026

BONNIE HACKLER
Clerk, U.S. District Court
By______
Deputy Clerk

# UNITED STATES DISTRICT COURT

for the

Eastern District of Oklahoma

United States of America
v.
KENNETH GLENN McCARROLL
*Defendant*

Case No. 26-MJ-228-JAR

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ **A.** Motion of the Government for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

- ☒ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
- ☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**
- ☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**
- ☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**
- ☒ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

- ☒ **(1)** a serious risk that the defendant will flee if released; **or**
- ☒ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

- ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  - ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  - ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  - ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**
  - ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**
  - ☐ **(e)** any felony that is not otherwise a crime of violence that involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
- ☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**
- ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**
- ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);
- ☒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Application of Any Presumption Established Above**

☒ The defendant has not rebutted the presumption.

**OR**

☐ The defendant has rebutted the presumption.

## Part III - Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

- ☒ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
- ☒ Weight of evidence against the defendant is strong.
- ☒ Subject to lengthy period of incarceration if convicted.
- ☐ Lack of significant family or other ties to the community.
- ☐ Significant family or other ties outside the United States.
- ☐ Lack of legal status in the United States.
- ☐ Subject to removal or deportation after serving any period of incarceration.
- ☐ Lack of stable residence.
- ☐ Lack of stable employment.
- ☐ Lack of financially responsible sureties.
- ☐ Prior attempt(s) to evade law enforcement.
- ☐ Use of alias(es) or false documents.
- ☒ History of alcohol or substance abuse.
- ☐ Prior criminal history.
- ☒ History of violence or use of weapons.
- ☐ Prior violations of probation, parole, or supervised release.
- ☐ Prior failure to appear in court as ordered.
- ☐ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
- ☐ Participation in criminal activity while on probation, parole, or supervision.
- ☒ The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

The Court did a careful and deliberate evaluation of the statutory factors set forth in 18 U.S.C. § 3142(g) on the record at the conclusion of the hearing. That analysis is now part of the record. The following supplements the findings made on the record at the conclusion of the hearing.

The Defendant was charged by Complaint for **Count 1**: Title 18 U.S.C. § 113(a), 18 U.S.C. § 1151, 18 U.S.C. § 1152 - Assault of a Spouse, Intimate Partner, and dating Partner by Strangling and Attempting to Strangle; **Count 2:** Title 18 U.S.C. § 113(a)(3), 18 U.S.C. §1151, 18 U.S.C. § 1152 - Assault with a Dangerous Weapon with Intent to do Bodily Harm; and **Count 3:** Title 18 U.S.C. § 924(c)(1)(A)(i)(ii) - Use, Carry, and Brandish of a Firearm During and in Relation to a Crime of Violence. The Government moved for detention under 18 U.S.C. § 3142. The Court held a detention hearing. Assistant United States Attorney Jonathan E. Soverly appeared for the Government. Rhyder Jolliff appeared for Defendant. The Government called Special Agent Davison, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), she testified consistent with her affidavit supporting the criminal complaint. According to Agent Davison, K.E. went to the McAlester Police Department on June 23, 2026, and reported that Defendant assaulted her beginning on June 22 and continuing through June 23. K.E. told officers that Defendant had beaten her during the preceding four years, but the previous two days were the worst. She reported that Defendant struck her repeatedly, dragged her across the room by her hair, poured pork and beans and a Pepsi over her head, and strangled her until her tongue protruded from her mouth and she lost consciousness. K.E. further stated that Defendant commonly struck the side of her head rather than her face so the injuries would not be visible. K.E. reported that Defendant pointed a firearm at her face and told her that he held her life in his hands and would kill her. When she attempted to call 911, Defendant allegedly grabbed her telephone and threw it against the wall, causing it to shatter. He then pointed the firearm at her head and again threatened to kill her. K.E. further reported that Defendant threatened to shoot her, engage police in a shootout until they killed him, and have gang members "take care of" her. MPD Officer Corum observed bruises and marks on K.E., swelling around her neck, and an abrasion on her face. Photographs showed redness, swelling, and bruising of her neck. MPD officers also spoke with K.E.'s mother. She stated that Defendant threatened to shoot K.E.'s brother or anyone else who came to the residence. She further reported that Defendant threatened to "blow them all away" if she, her son, or the police helped K.E. leave.

MPD officers arrested Defendant at a neighbor's residence on June 23. After receiving Miranda warnings, Defendant agreed to speak with officers. He initially questioned how he could have committed domestic violence if he had not been at the residence but then acknowledged returning to the residence to check on K.E. Defendant described their prior arguments as "wrestling matches," but denied that their argument that day became physical. When asked about June 22, Defendant described the events as "like a cloud" and claimed K.E. struck him with a golf club. Officers confronted him with an earlier statement attributing the same mark on his shoulder to hanging a door. Defendant acknowledged that his explanations did not make sense and stated that he had been under the influence of alcohol. He claimed not to remember putting his hands on K.E., admitted further smashing her already-broken telephone, and offered a conditional apology for any harm he may have caused.

A neighbor told officers that she had previously seen K.E. strike Defendant, but she did not witness what occurred on June 22 or 23. The neighbor stated that Defendant spent much of June 23 sleeping at her residence, although he returned to his own residence to check on K.E. Defendant was subsequently booked into the Pittsburg County Jail for domestic assault and battery by strangulation, feloniously pointing a firearm, and interfering with a 911 call. On July 27, 2026, the Choctaw Nation District Court filed a permanent protective order against Defendant that prohibited him from possessing firearms or ammunition. According to the affidavit, Defendant violated that order on August 8 by sending K.E. two text messages asking for her address and requesting that she unblock him. K.E. reported that she feared Defendant, that he was violent, that he owned several firearms, and that he had pointed firearms at her on numerous occasions. On August 11, Defendant again allegedly contacted K.E. by text message and telephone. MPD advised Defendant that each call and text message violated the protective order, and Defendant stated that he would make no further contact.

During a later interview with Agent Davison, K.E. reported that Defendant possessed two AR-15-style firearms capable of fully automatic fire and concealed firearms behind wooden wall panels near the bathroom. She also described what appeared to be a grenade, detonation cord, numerous items labeled "detonation device," material Defendant claimed was C-4, gunpowder, and fuse. Agent Davison stated that K.E.'s description of the claimed C-4 was consistent with its appearance and that gunpowder and fuse can be used to manufacture explosives. A search of the National Firearms Registration and Transfer Record revealed no firearms or explosives registered to Defendant.

K.E. further reported that Defendant threatened her when she refused to be intimate with him and claimed he had rigged the door so the house would explode if she attempted to leave. According to K.E., Defendant stated that he could detonate the device from outside using an old cellular telephone.

Finally, Agent Davison obtained records confirming that K.E. is a registered member of the Choctaw Nation. Agent Davison also contacted six tribes concerning Defendant's status, and each confirmed that Defendant is not a registered member.

After the Government rested, Defendant proffered that it was relying primarily on the recommendations for release offered by the Pretrial Service Report and that he could live with his brother.

The Court carefully considered Pretrial Services' recommendation for release. The Court also considered Defendant's reported community and family ties, and his proposed residence with his brother. Those considerations do not adequately address the danger established by this record. Defendant reported that several firearms were present at his brother's residence. Even assuming those firearms were removed before release, that measure would not resolve the danger posed by the alleged strangulation, repeated threats, and prohibited contact with K.E. The evidence of repeated contact after entry of a permanent protective order gives the Court a specific reason to doubt that another no-contact restriction would be effective. The Court has considered home incarceration, GPS monitoring, reporting requirements, firearm restrictions, both individually and in combination. Location monitoring could alert authorities to prohibited movement, but it would not prevent telephone contact or assure intervention before an assault.

Having considered the entire record, including the Pretrial Services Report, the Complaint, the testimony of Agent Davison, and the arguments presented at the hearing, the Court now makes the following findings under 18 U.S.C. § 3142(g):

## I. Nature and Circumstances of the Offense Charged (§ 3142(g)(1))

The nature and circumstances of the charged offenses are exceptionally serious. Defendant allegedly strangled his intimate partner until she lost consciousness, struck and dragged her, destroyed her telephone as she attempted to call 911, and pointed a firearm at her head while threatening to kill her. He also allegedly threatened to shoot her family members and engage police in a shootout. The charged offenses are crimes of violence and involve the use of a firearm. This factor strongly favors detention.

## II. Weight of the Evidence Against the Defendant (§ 3142(g)(2))

The weight of the evidence is substantial. The victim reported the assault promptly. An officer observed swelling, bruising, and marks on her neck, and those injuries were photographed. The Government presented nine photographs documenting K.E.'s injuries when she reported the assault. Those photographs provide contemporaneous evidence of physical injury and lend additional weight to her account. Her mother independently corroborated Defendant's threats. Defendant's own explanations shifted from denying he was present, to describing "wrestling matches," to claiming he could not remember what occurred. He also admitted further smashing the victim's telephone and offered a conditional apology for harming her. The neighbor did not witness the alleged assault, and her account does not explain the victim's injuries or Defendant's inconsistent statements. This factor strongly favors detention.

## III. History and Characteristics of the Defendant (§ 3142(g)(3))

The Court has carefully considered the Defendant's personal history, family ties, employment history, mental health history, substance abuse history, and criminal record. His limited formal criminal record does not erase the past conduct reflected in this record. The victim reported four years of abuse and numerous occasions on which Defendant pointed firearms at her. Agent Davison also testified that Defendant's former wife described abuse during their relationship. She characterized that abuse as emotional rather than physical, explaining that Defendant pulled firearms on her and threatened to kill himself if she left. This account provides additional evidence of the use of firearms and threats to control an intimate partner. The Court considers that reported conduct in assessing Defendant's history and the danger posed by release. Defendant acknowledged prior drug use and invoked alcohol when attempting to explain the charged conduct. The Pretrial Services Report identifies a pending charge of Stalking in Violation of Court Order in Pittsburg County Case No. CF-2026-216. That charge alleges repeated text messages to K.E. on August 8 and 9, 2026, in violation of the permanent restraining order entered by the Choctaw Nation District Court. The Court's concern rests on the evidence of repeated prohibited contact, not merely the filing of another charge. That conduct bears directly on whether Defendant would comply with restrictions intended to protect K.E. This factor strongly favors detention.

## IV. Nature and Seriousness of the Danger to Any Person or the Community (§ 3142(g)(4))

The danger posed by release is concrete, targeted, and immediate. Defendant allegedly threatened to kill the victim, her family members, and responding law-enforcement officers. The former wife's account of firearm intimidation and threats tied to her leaving the relationship reinforces the Court's concern that the danger reflected in this record is not confined to the charged incident. The record also contains allegations that he possessed multiple firearms and explosive materials and threatened to rig his residence to explode if the victim attempted to leave. A protective order did not stop him from contacting the victim. There is no reason to believe that another no contact order would succeed where the first one failed. Electronic monitoring can report a violation after it occurs; it cannot prevent the threatened violence. This factor strongly favors detention.

## CONCLUSION

After carefully considering each of the factors set forth in 18 U.S.C. § 3142(g), the Court concludes that every factor weighs in favor of detention. The Court has considered the alternatives to detention proposed by defense counsel.

This Court's duty is to decide whether any condition or combination of conditions can reasonably protect the alleged victim and the community while this case proceeds. On this record, the answer is no. The alleged conduct is both brutal and cowardly. Defendant allegedly struck his girlfriend, dragged her by the hair, strangled her until she lost consciousness, destroyed her telephone when she attempted to call 911, and pointed a firearm at her head while threatening to kill her. He allegedly threatened to shoot her family members and any police officers who attempted to intervene. Striking a woman is not strength. It is cowardice. Strangling her into unconsciousness and pointing a firearm at her head only makes that cowardice more dangerous. These are not unsupported accusations. An officer observed swelling, bruising, and marks on the victim's neck. Her injuries were photographed. Her mother corroborated Defendant's threats. Defendant then gave shifting explanations, admitted further smashing the victim's telephone, and offered a conditional apology for any harm he caused. Nor did the danger end with the alleged assault. A permanent protective order prohibited Defendant from contacting the victim. He allegedly contacted her anyway; repeatedly, and by more than one method. A no-contact order has therefore already been tried. It failed. Location monitoring might report the next violation, but it cannot prevent the violence that may accompany it. The Court will not make the alleged victim's safety depend upon Defendant obeying another order when the record shows he disregarded the first. Each statutory factor strongly favors detention. The Bail Reform Act requires the Court to make a predictive judgment based upon the record before it. Having done so, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Defendant shall remain detained pending trial.

The Government's Motion for Detention is Granted.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 8/31/26

U.S. Magistrate Judge